IN THE UNITED STATES COURT OF FEDERAL CLAIMS
Washington, D.C.

BID PROTEST

| | |
|---|---|
| THE GEO GROUP, INC. | |
| Plaintiff, | |
| v. | CFC No. 1:11-cv-00490-FMA |
| THE UNITED STATES OF AMERICA, | Judge Francis M. Allegra |
| Defendant, | |
| and | |
| COMMUNITY FIRST SERVICES, INC. | |
| Intervenor-Defendant. | |

## MEMORANDUM IN SUPPORT OF COMMUNITY FIRST SERVICES, INC.'S MOTION FOR LEAVE TO INTERVENE AS INTERVENOR

Community First Services, Inc. ("CFS"), by counsel, submits the following Memorandum in Support of its Motion for Leave to Intervene. Intervention is required because CFS is the awardee of the protested contract and its interests are directly affected by the pending action. Moreover, intervention is necessary for CFS to protect its reputation and property interests against claims by The GEO Group, Inc. ("GEO Group"), the plaintiff-protester.

### I.  Factual Background

The United States Department of Justice, Federal Bureau of Prisons ("BOP" or the "agency") issued Solicitation No. 200-1042-NE for operation of the BOP Residential Reentry Center to house an estimated 161 inmates, located near Brooklyn, New York. The contractor will provide a community-based residential and nonresidential correctional service, including

providing employment and residence development, as well as other self-improvement opportunities to assist federal offenders during transition from prison to the community. The request for proposals ("RFP") anticipated award of an indefinite-delivery, requirements-type contract with firm fixed unit prices for a two-year base period and three one-year options. On February 16, 2011, the agency awarded the contract to CFS.

On April 18, 2011, GEO Group protested the contract award to the United States Government Accountability Office ("GAO"), docketed as Comp. Gen. B-405012. CFS filed a notice of intervention at GAO. CFS outside counsel and GEO Group outside counsel were admitted to the GAO protective order. CFS submitted filings to GAO opposing the GEO Group protest.

On July 26, 2011, GAO issued a decision under the GAO protective order denying or dismissing the GEO Group protest.

On July 26, 2011, GEO Group provided pre-filing notice of intent to file an action in this Court and copied counsel for the Department of Justice and counsel for CFS.

On July 27, 2011, GEO Group filed this action. GEO Group seeks a temporary restraining order, preliminary injunction and permanent injunction that seek to deprive CFS of its contract. The injunctive relief sought by GEO Group would cause material and immediate harm to CFS and its employees as well as the United States Department of Justice, Bureau of Prisons.

## II. CFS is Entitled to Intervene As a Matter of Right

CFS is entitled to intervene in this action as a party defendant as of right under Rule of United States Court of Federal Claims ("RCFC") 24, which provides in pertinent part:

> Upon timely application anyone shall be permitted to intervene in an action ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a

> practical matter impair or impede the applicant's ability to protect
> that interest, unless the applicant's interest is adequately
> represented by existing parties.

RCFC 24(a)(2). CFS is entitled to intervene as of right because (1) CFS has an interest in the subject matter of the action; (2) the protection of CFS' interest would be impaired without intervention; and (3) CFS' interest is not adequately represented by existing parties to the litigation. See, e.g., American Renovation and Constr. Co. v. United States, 65 Fed. Cl. 254, 257 (Fed. Cir. 2005). Moreover, this motion is timely filed and there is no delay or prejudice to the existing parties in granting the motion. Id.

The Court of Federal Claims has routinely allowed intervention under similar circumstances. See, e.g., ECDC Envtl, L.C. v. United States and Great Lakes Dredge & Dock Co., 40 Fed. Cl. 236 (Fed. Cir. 1998); IMS Servs., Inc. v. United States v. SRS Tech., Inc., 33 Fed. Cl. 167 (Fed. Cir. 1995); IMS Servs., Inc. v. United States v. SRS Tech., Inc., 32 Fed. Cl. 288 (Fed. Cir. 1994); Logicon Inc. v. United States and Analysis & Tech., Inc., 22 Cl. Ct. 776 (Fed. Cir. 1991). "The general principle to be kept in mind in employing the method of analysis, as stated by the Federal Circuit, is that 'the requirements for intervention are to be construed in favor of intervention.'" American Renovation and Constr. Co., 65 Fed. Cl. at 257 (citing Am. Mar. Transp., Inc. v. United States, 870 F.2d 1559, 1561 (Fed. Cir. 1989)).

### A. CFS Has a Significant Interest in the Disposition of this Action

The Supreme Court has held that the interest requirement for an intervenor under Federal Rule of Civil Procedures 24 must be one that is "significantly protectable." Donaldson v. United States, 400 U.S. 517 (1971). The Federal Circuit has ruled that a significantly protectable interest is one which is "legally protectable." American Renovation and Constr. Co., 65 Fed. Cl. at 260 (citing Am. Mar. Transp., Inc. v. United States, 870 F.2d at 1561). The interest must also

be "more than a mere economic interest, and not indirect or contingent." Id. Finally, the interest must be on that is "of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment." Id.

CFS' interest in this litigation is clearly more than economic, as it alleges a direct contract interest in the procurement that underlies the cause of action in this case. CFS is the awardee of the contract that GEO Group is challenging. CFS possesses a direct, substantial economic interest that satisfies the interest requirement for intervention. Further, CFS' interest is such that it will either gain or lose by the direct legal operation and effect of any judgment.

### B. CFS Cannot Protect its Interest Without Intervention

Disposition of this action without CFS' participation would impair its ability to protect its interest, especially given that GEO Group raises Procurement Integrity Act violations, asserts alleged organizational conflicts of interest, and challenges the proposal evaluation and award process.

The impairment prong of Federal Rule 24(a)(2) is met when the disposition of the case "may as a practical matter" impair or impede the intervener's ability to protect its interest in the subject matter of the litigation. Spring Constr. Co. v. Harris, 614 F.2d 374 (4th Cir. 1980). Should GEO Group prevail, CFS' existing interest in its contract could be lost and CFS could be deprived of a substantial benefit.

### C. CFS' Interest is Not Adequately Represented by the Agency

The Federal Circuit has stated that "an applicant for intervention bears a minimal burden to show that its interest would not be adequately represented by parties already in the lawsuit." American Renovation and Constr. Co., 65 Fed. Cl. at 264 (citing Trbovich v. United Mine Workers, 404 U.S. 528, 538 n.10 (1972)).

GEO Group's position is directly adverse to CFS. The United States is acting in its capacity as the procuring agency and contracting party. As a result, the United States primarily represents its own interests and not those of commercial parties such as CFS. Only CFS can adequately protect its unique commercial and proprietary contract interests.

In addition, CFS must be granted leave to intervene to protect its property rights in its proposal and other proprietary data. The agency's interest in protecting CFS proprietary information from public release is different from CFS' interest. CFS should be permitted leave to intervene to protect its proprietary data.

### D. CFS' Motion is Timely and Intervention Does Not Prejudice the Other Parties

CFS' Motion for Leave to Intervene is timely filed and does not prejudice the other parties. GEO Group filed its complaint on July 27, 2011. CFS received a copy of GEO Group's Complaint that same day. CFS timely filed its motion for leave to intervene within one day of receipt. Moreover, intervention at this time does not prejudice the existing parties. Counsel for the government and GEO Group have consented to the filing of this motion.

### III. In the Alternative, CFS is Entitled to Permissive Intervention

If this Court should determine that CFS is not entitled to intervene as a matter or right, the Court should exercise its discretion to permit CFS to intervene under RCFC 24(b)(2). In pertinent part, that Rule states:

> Upon timely application anyone may be permitted to intervene in an action: '" (2) when all applicant's claim or defense and the main action have a question of law or fact in common .... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

RCFC 24(b)(2).

CFS is an awardee. As a result, issues of efficiency, economy and the interest of justice fully support granting intervention to CFS. As stated above, the Motion for Leave to Intervene is timely filed and does not prejudice the original parties.

## CONCLUSION

For the reasons stated above, CFS respectfully requests that the Court grant its motion for leave to intervene.

Respectfully submitted,

Date: July 28, 2011

/s/ Jonathan D. Shaffer
Jonathan D. Shaffer, Counsel of Record
SMITH PACHTER MCWHORTER PLC
8000 Towers Crescent Drive, Suite 900
Tysons Corner, Virginia 22182
Tel: (703) 847-6300
Fax: (703) 847-6312
*Counsel for Community First Services, Inc.*

*Of Counsel:*
John S. Pachter
Mary Pat Buckenmeyer
SMITH PACHTER MCWHORTER PLC
8000 Towers Crescent Drive, Suite 900
Tysons Corner, Virginia 22182
Tel: (703) 847-6300
Fax: (703) 847-6312

Michael D. Brown
Matthew Bryant
Paul A. Kemnitzer
OHRENSTEIN & BROWN LLP
1010 Franklin Avenue, Suite 200
Garden City, New York 11530
Tel: (516) 535-4403
Fax: (516) 873-8912

# CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of July 2011, "MEMORANDUM IN SUPPORT OF COMMUNITY FIRST SERVICES, INC.'S MOTION FOR LEAVE TO INTERVENE AS INTERVENOR" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Jonathan D. Shaffer
Jonathan D. Shaffer