# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

## BID PROTEST

| | |
|---|---|
| THE GEO GROUP, INC. )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>THE UNITED STATES, )<br>)<br>    Defendant, )<br>)<br>and )<br>)<br>COMMUNITY FIRST SERVICES, INC. )<br>)<br>    Intervenor-Defendant. ) | No. 11-490-C<br>(Judge Allegra) |

**PLAINTIFF'S MEMORANDUM OF LAW
ADDRESSING AVAILABILITY OF DECLARATORY RELIEF**

Matthew H. Kirtland
FULBRIGHT & JAWORSKI L.L.P.
801 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2623
Tel: (202) 662-0200
Fax: (202) 662-4643
mkirtland@fulbright.com

Joseph P. Dirik
FULBRIGHT & JAWORSKI L.L.P.
2200 Ross Avenue
Suite 2800
Dallas, TX 75201-2784
Tel: (214) 855 8000
Fax: (214) 855 8200
jdirik@fulbright.com

October 12, 2011          Counsel for Plaintiff

**SUMMARY**

The Court ordered each party to file a memorandum, not to exceed ten pages in length, addressing whether the Court may issue declaratory relief without addressing the traditional factors for issuing an injunction. Dkt. 51. The Court may issue declaratory relief, but only if the relief awarded is not injunctive by nature.

Here, a declaration by the Court that the disputed contract is invalid based on the agency's violation of Administrative Procedure Act standards should be sufficient for the government to take corrective action, and to work with GEO Group and CFS to find an interim solution to the bid protest. However, to the extent such relief sought by GEO Group in its motion for judgment on the administrative record is deemed "coercive" or "injunctive" in and of itself, then injunctive relief may be necessary. *PGBA, LLC v. United States*, 389 F.3d 1219, 1226 (Fed. Cir. 2004); *but see Chapman Law Firm Co. v. United States*, 65 Fed. Cl. 422, 424 (2005) (noting that "*PGBA* does not read out of 28 U.S.C. § 1491(b)(2) the express authorization there provided for declaratory relief in bid protest actions").

Accordingly, Plaintiff intended to move for an injunction if the Court granted it the declaratory relief it requested in its motion for judgment, and depending on how the Bureau of Prisons ("BOP") chose to address the Court's order. Defendants did not raise any objection to this approach. On at least one prior occasion, this Court has considered and granted a motion for judgment on the administrative record and a motion for injunctive relief separately when the parties agreed that the pending contract could remain in place until the outcome of the Court's ruling. *AshBritt, Inc. v. United States*, 87 Fed. Cl. 344, 349 fn.2 (2009).

Plaintiff continues to believe that its approach is the most orderly way to proceed because it gives the BOP, and the parties, maximum flexibility to implement a Court order that, by definition, would invalidate the award of the subject contract to intervenor Community First

Services ("CFS"). If necessary, the Court's order issuing declaratory relief could be stayed pending its implementation. However, in the event that the Court determines that it is required to take up the issue of injunctive relief simultaneously with the question of declaratory relief, then Plaintiff is submitting today a motion for leave to move for a permanent injunction along with the underlying motion for a permanent injunction.

**ARGUMENT AND AUTHORITIES**

**I. THE COURT MAY ISSUE DECLARATORY RELIEF TO GEO GROUP BASED ON THE PLAIN LANGUAGE OF THE TUCKER ACT.**

It should be undisputed that the Court may award GEO Group's requested declaratory relief without granting injunctive relief. Pursuant to its bid protest jurisdiction, the Court may award "any relief that the court considers proper, including declaratory and injunctive relief" in response to a bid protest filed with the court. 28 U.S.C. 1491(b)(2). The plain language of the Tucker Act permits both declaratory and injunctive relief. *Chapman*, 65 Fed. Cl. at 424 ("[d]eclaratory relief has long been established as available in bid protest matters") (citing *Ulstein Maritime, Ltd. v. United States*, 833 F.2d 1052, 1055 (1st Cir. 1987)). Nothing in the Act requires that the forms of relief be awarded simultaneously. *See AshBritt*, 87 Fed. Cl. at 349 fn.2. The Court's broad power to fashion suitable relief is further supported by the Tucker Act because "the court shall have the power to remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just." 28 U.S.C. § 1491(a)(2). *See Information Sciences Corp. v. United States*, 80 Fed. Cl. 759, 774 (2008) (citing *PGBA,* 389 F.3d at 1226). In this case, such direction could result without an injunction. *See CW Government Travel, Inc. v. United States*, --- Fed. Cl. ---, No. 11–298 C, 2011 WL 4363087, *14 (Aug. 26, 2011) ("The Court intends that its declaratory judgment will afford [protestor] relief comparable to that of an injunction against [agency's utilization of pricing schedule in

solicitation]"); *see also id* at *14 n.14 (government's acknowledgement at oral argument that declaratory judgment was sufficient). And, it is well-established that "[n]ot every violation of the Administrative Procedures Act requires an equitable remedy." *Information Sciences*, 80 Fed. Cl. at 774.

Based on the Court's broad powers under the Tucker Act to fashion "any relief that the court considers proper" and to "remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just" the court could award relief less coercive then that found under an injunction, such as declaratory relief, without examining the traditional factors, if such relief was not injunctive by its nature.

In deciding whether injunctive or declaratory relief is called for, the court examines the relief sought to determine the coercive effect of awarding such relief. *See PGBA*, 389 F.3d at 1228 fn. 6 (declaratory judgment is generally less coercive because it is merely a declaration of legal status or rights) (citing *Perez v. Ledesma*, 401 U.S. 82, 124 (1971)). GEO Group has sought relief that is purely declarative. *See* Motion for Judgment, Dkt. 44, at 1 (requests 3(a)-(c)). The Court may issue such relief without reviewing the traditional injunction factors. A request to set-aside an award would likely be viewed as coercive. *See PGBA*, 389 F.3d at 1228. However, the Court could also issue a short stay in conjunction with declaratory relief to facilitate an interim solution. *See CIGNA Gov't Servs., LLC v. United States*, 70 Fed. Cl. 100, 114 (2006) (declining to award injunctive relief when a declaratory judgment and stay would have the same effect).

## II. THE COURT MUST CONSIDER THE TRADITIONAL FACTORS WHEN THE NATURE OF THE RELIEF AWARDED IS INJUNCTIVE.

If the Court determines that the nature of the relief sought by Plaintiff is injunctive, then the Court should look to the traditional equitable factors in determining whether to set aside an

award of the contract or grant relief that is injunctive by nature. *PGBA,* 389 F.3d at 1228. Before issuing a permanent injunction, the court must determine (1) whether, as it must, the plaintiff has succeeded on the merits of the case; (2) whether the plaintiff will suffer irreparable harm if the court withholds injunctive relief; (3) whether the balance of hardships to the respective parties favors the grant of injunctive relief; and (4) whether it is in the public interest to grant injunctive relief. *Id.* at 1228-29.

The Court may issue this injunctive relief at a later time, *see AshBritt*, 87 Fed. Cl. at 349 fn.2, but to the extent the Court determines that it must consider these factors in conjunction with Plaintiff's motion for judgment on the administrative record, GEO Group separately seeks leave to file a motion for permanent injunctive relief at this time.

## **CONCLUSION**

Here, the ultimate relief requested by Plaintiff is the setting aside of the subject award. Accordingly, Plaintiff does not dispute that the traditional factors for issuing an injunction may need to be considered in this case. The only question is when this occurs. Plaintiff submits that it can occur after the Court rules on Plaintiff's request for declaratory relief. In the event that the Court disagrees with this position, Plaintiff is submitting today a motion for permanent injunction.

Respectfully submitted,

/s/
_____
Matthew H. Kirtland
801 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2623
Tel: (202) 662-0200
Fax: (202) 662-4643
mkirtland@fulbright.com

Joseph P. Dirik
Fulbright & Jaworski L.L.P.
2200 Ross Avenue
Suite 2800
Dallas, TX 75201-2784
Tel: (214) 855 8000
Fax: (214) 855 8200
mkirtland@fulbright.com

October 12, 2011                               Counsel for Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2011, a copy of the foregoing brief was served on counsel via the Court's CM/ECF system.

    U.S. Department of Justice
    Commercial Litigation Branch
    1100 L Street, NW, 8th Floor
    Washington, DC 20530
    Fax: (202) 305-2062
    nationalcourts.bidprotest@usdoj.gov

    John S. Pachter
    Jonathan D. Shaffer
    May Pat Buckenmeyer
    Richard H. Snyder
    Counsel for Community First Services, Inc.
    Smith Pachter McWhorter PLC
    8000 Towers Crescent Drive, Suite 900
    Vienna, VA 22182
    jpachter@smithpachter.com
    jshaffer@smithpachter.com
    mbuckenmeyer@smithpachter.com
    rsnyder@smithpachter.com

/s/
_____
Matthew H. Kirtland